

# The Attorney General of Texas

June 2, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable L. Alvis Vandygriff
Texas Savings & Loan Department
P. O. Box 1089
Austin, Texas 78767

Opinion No. H- 1171

Re: Whether the management of the Savings & Loan Association may vote proxies of savings members and borrowing members in favor of a proposed merger.

Dear Mr. Vandygriff:

You have requested our opinion regarding the voting of general proxies by the management of a savings and loan association in favor of a proposed merger. You state that the management of a particular savings and loan association, composed of savers, borrowers and owners of permanent reserve fund stock, has agreed to merge with another savings and loan association. You first ask whether savers and borrowers are entitled to vote on the merger question.

Section 10.03 of the Savings & Loan Act, article 852a, V.T.C.S., requires that a merger

> be approved by a majority of the total vote the <u>members</u> are entitled to cast.

(Emphasis added). "Member" is defined in the statute as any

> person holding a savings account in an association, or owning one or more shares of its Permanent Reserve Fund Stock, or borrowing from or assuming or obligated upon a loan in which an association has an interest, or owning property which secures a loan in which an association has an interest. The voting rights of members shall be as provided in the bylaws of each respective association.

Section 1.03(10).  In the absence of any bylaw provision to the contrary, each "member" is entitled to cast one vote by virtue of his membership

> plus an additional vote for each share or fraction thereof of the Permanent Reserve Fund Stock of the association, if any, owned by such member, and an additional vote for each One Hundred Dollars ($100) or fraction thereof of the withdrawal value of savings accounts, if any, held by such member.

Section 3.06.  Thus, in the situation you pose, each saver and borrower of the association is a "member" entitled to one vote plus additional votes as provided in section 3.06.

You next ask whether the management of a savings and loan association may vote the existing proxies of a member on a merger question.  In the usual instance, an association requires that all savers and borrowers execute a general proxy, which "continue[s] in force from year to year," unless revoked, pursuant to section 3.06.  A general proxy, however,

> only authorizes the holder to vote on the ordinary affairs of the corporation, such as the election of directors, etc., and does not authorize such holder to vote on the extraordinary matter of consolidating one company with another.

Fidelity Building & Loan Ass'n v. Thompson, 25 S.W.2d 247, 251 (Tex. Civ. App. — Dallas 1930).  This case was reversed on other grounds; however, this relevant portion of the Civil Appeals opinion was specifically approved and adopted.  Fidelity Building & Loan Ass'n v. Thompson, 45 S.W.2d 167 (Tex. Comm'n App. 1932, jdgmt adopted).  See Fletcher, Corporations § 2060 (1974 ed).  We believe it is clear that the management of a savings and loan association may not vote a member's general proxy to effect a merger with another association.  Any attempt to do so would be void.  Fidelity Building & Loan Ass'n, supra, at 251.

Your final question is whether the Savings & Loan Commissioner may require special proxies to vote on a proposed merger.  The Commissioner is empowered to supervise and regulate savings and loan associations under his jurisdiction in a manner which is consistent with the Savings & Loan Act.  Article 342-205(d), V.T.C.S.  The Commissioner is also authorized to see that such associations follow the law as provided in section 8.13.  Since Fidelity Building & Loan Ass'n v. Thompson holds that general proxies may not be voted on a merger question, we believe it follows that the Commissioner may require that the management obtain from saver and borrower members special proxies authorizing the management to vote upon a proposed merger.

## S U M M A R Y

In the absence of a bylaw provision to the contrary, every saver and borrower of a savings and loan association is a "member" entitled to vote.  The management of a savings and loan association may not vote a member's general proxy to effect a merger with another association.  The Savings & Loan Commissioner is authorized to require special proxies to vote on a proposed merger.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn